IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNT OF ISAAC F. BROWN, AS EXECUTOR, ETC., OF DEBORAH ORSOR, DECEASED.

*Will — probate of — when both witnesses must be examined — a witness who must be examined cannot take anything under the will — 2 R. S. (Edm. ed.), 65, sec. 50 — the rule is not changed by the subsequent legislation as to the examination of interested witnesses.*

APPEAL from a decree of the surrogate of Westchester county, judicially settling the accounts of the executor of Deborah Orsor, deceased.

Deborah Orsor, by her last will and testament, gave her residuary estate to Isaac F. Brown and Margaret Miller. The same persons were made executors. There were two witnesses to the will, Isaac F. Brown and Daniel B. Foster; both lived in this State, and both were examined upon the proof of the will, and there were but these two witnesses to the will. The statute upon the subject is as follows: "If any person shall be a subscribing witness to the execution of any will wherein any beneficial devise, legacy, interest or appointment of any real or personal estate shall be made to such witness, and such will cannot be proved without the testimony of such witness, the said devise, legacy, interest or appointment shall be void so far only as concerns such witness, or any claiming under him ; and such person shall be a competent witness and compellable to testify respecting the execution of the said will in like manner as if no such devise or bequest had been made." (2 R. S. [Edm.] 65, § 50.)

The court at General Term said : "The will could not be proven without the testimony of Brown. Two witnesses at least are required to a will. This probate required both witnesses to be produced and examined. Two at least of the witnesses to such will, if so many are living in this State, and of sound mind, and are not disabled from age, sickness or infirmity from attending, shall be produced and examined. (4 R. S. [Edm.] 488, § 10.) As to Brown, the legacy was void. A surrogate may believe one witness and not the other, and thus it is claimed that a will can be proven without two witnesses in fact. The statute does not mean this. A

will must have two witnesses, and both must be sworn to prove it, with certain exceptions,. which do not include the present case. The testimony of the witness, of necessity, must be given; the will cannot be proven without it, and the legacy consequently is void. The subsequent legislation in reference to the examination of inter- ested witnesses does not repeal by implication these statutes. Such repeals are not favored, and there is no inconsistency in both statutes standing together.

" The surrogate's decree should be affirmed, with costs against the appellant."

*Francis Larkin*, for Isaac F. Brown, executor, appellant.

*Charles M. Hall*, for Mary Dubois and others, respondents.

Opinion by BARNARD, P. J.; DYKMAN and PRATT, JJ., concurred.

Decree of surrogate affirmed, with costs against the appellant.

---

CATHARINE R. PRENTISS, *v.* CHARLES M. CORNELL
AND OTHERS

IN THE MATTER OF JOSEPH HUSSON, JR., PURCHASER,
APPELLANT.

*Purchaser at a foreclosure sale -- when he will be compelled to complete the purchase, although two of the defendants were lunatics, for whom no committees had been appointed.*

APPEAL from an order made at a Special Term, compelling a purchaser to accept and complete his purchase of premises struck down to him on the sale under the judgment in this action.

The action was for the partition or sale of lands, and the pro- ceedings seemed to have been regularly taken. The objection raised was that two of the adult defendants were persons of unsound mind at the time the action was commenced, but had not been judicially found or declared so to be. They were personally served with the summons and complaint, and one of them appeared in the action by an attorney. The other did not appear.

It did not directly appear in the papers that either of these